**In the Matter of Dana and Dawn WENT, Debtors.**

**Dana and Dawn WENT, Plaintiffs,**

v.

**RHODEN NISSAN/AUTO FINANCE CENTER, Defendant.**

**Bankruptcy No. BK93–40127.**
**Adv. No. A94–4044.**

United States Bankruptcy Court,
D. Nebraska.

March 17, 1995.

**890**

Timothy C. Phillips, Lincoln, NE, for Auto Finance Center of Lincoln/Rhoden Nissan, Secured Creditor.

Vincent M. Powers, Lincoln, NE, for debtors.

### *MEMORANDUM*

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

Rhoden Nissan/Auto Finance Center ("Rhoden Nissan"), asserts that it holds a perfected security interest in the vehicle of debtor, Dawn Went by virtue of Rhoden Nissan's assignee noting its lien on the vehicle's certificate of title. Debtor commenced this adversary proceeding to avoid the interest of Rhoden Nissan in the vehicle. I conclude that the security interest of Rhoden Nissan is avoided pursuant to 11 U.S.C. § 544 (1995), because Rhoden Nissan's name is not noted on the vehicle's certificate of title.

### FINDINGS OF FACT

On September 12, 1992, debtor Dawn Went purchased a 1988 Suzuki Samurai from Rhoden Nissan. At the time of purchase, .

the parties entered into an installment sales contract which provided that Ms. Went would make a $1,400.00 down payment, part in cash and part by trade-in, and the balance of the purchase price would be financed over twenty-five months. The installment sales contract granted Rhoden Nissan a security interest in the vehicle. However, Rhoden Nissan did not note its security interest on the certificate of title to the vehicle.

At the time of purchase, Ms. Went issued two checks to Rhoden Nissan, an $800.00 check for the cash portion of the down payment, and a $42.00 check for administrative expenses. Shortly after the purchase transaction, Rhoden Nissan assigned the installment sales contract to Credit Acceptance Corporation of Southfield, Michigan. Credit Acceptance, the assignee, perfected its lien in the vehicle of Ms. Went by noting its security interest on the certificate of title. Credit Acceptance holds a duly perfected security interest in the vehicle to secure the vehicle's unpaid purchase price, however, the checks for $800.00 and $42.00 were not transferred from Rhoden Nissan to Credit Acceptance.

Subsequently, the two checks issued by Ms. Went were returned to Rhoden Nissan for insufficient funds. The debt of Dawn Went to Rhoden Nissan in the amount of $842.00 remains unpaid on the date this bankruptcy case was commenced and Rhoden Nissan has filed a proof of claim in this amount asserting that its claim for $842.00 is secured by debtor's vehicle. The debtor now seeks to avoid the security interest of Rhoden Nissan as unperfected, pursuant to § 544. In response, Rhoden Nissan asserts that its security interest is perfected and unavoidable by virtue of the fact that security interest of Credit Acceptance is duly noted on the certificate of title.

## DISCUSSION

I conclude that the security interest of Rhoden Nissan is unenforceable under Nebraska law against a levying creditor, that the actions taken by the assignee, Credit Acceptance to perfect its security interest did not affect the status of the Rhoden Nissan lien, and that the interest of Rhoden Nissan is avoidable under § 544 of the Bankruptcy Code.

The filing requirements of Article 9 of the Uniform Commercial Code ("UCC") are superseded by certificate of title laws, except in limited circumstances not applicable to the present case. See Neb.Rev.Stat. § 60–110 (Reissue 1988); Nebraska UCC § 9–302(3) (Reissue 1988). Under Nebraska Revised Statutes § 60–110, a lien which is not noted on the certificate of title to a vehicle is unenforceable against purchasers and levying creditors. Neb.Rev.Stat. § 60–110 (Reissue 1988). The exception to this rule, as to vehicles held as inventory by a dealer, is not applicable in this case. *Id.* It is undisputed that the lien of Rhoden Nissan was not noted on the certificate of title to the vehicle of Dawn Went. Therefore, the lien of Rhoden Nissan is not "... valid as against the creditors of the debtor, whether armed with process or not, and subsequent purchasers, secured parties, and other lienholders or claimants...." Neb.Rev.Stat. § 60–110 (Reissue 1992).

This result is consistent with the policy of Nebraska certificate of title laws. Nebraska certificate of title laws should be interpreted to provide a simple straightforward way to determine whether a lien exists on a motor vehicle. Such laws should not be construed to render undisclosed liens enforceable. A third party examining the certificate of title in this case would not receive notice of the interest of Rhoden Nissan. If the third party purchased the vehicle with a check made payable jointly to Credit Acceptance and the debtor, and the check was sufficient to pay off the unpaid balance due to Credit Acceptance, the third party would purchase the vehicle free and clear of the interests of Rhoden Nissan and Credit Acceptance. Under Nebraska law, a levying creditor would also take free and clear of the interest of Rhoden Nissan.

Under the installment sales contract, Rhoden Nissan was granted a lien in the vehicle to secure all of the debtor's obligations under the agreement. The lien was thus granted to secure the unpaid purchase price of the vehicle as well as the $800.00 cash down payment and the $42.00 administrative expenses pay-

ment. However, since the interest of Rhoden Nissan is not noted on the certificate of title, the interest of Rhoden Nissan in the vehicle is avoidable under § 544.

■ Debtors challenge this result by arguing that the security interest of Rhoden Nissan is enforceable and perfected as a matter of state law by virtue of the actions of the assignee, Credit Acceptance, in noting its lien on the certificate of title. I have found no Nebraska decisional law on the question of whether an assignor's interest in a vehicle may be perfected by virtue of the actions of an assignee in noting the *assignee's* name and interest on the certificate of title. However, I conclude that the Nebraska Supreme Court would find that the interest of Rhoden Nissan is unenforceable on the facts of this case for several reasons. First, as stated above, that result follows directly from a literal interpretation of Nebraska Revised Statute § 60–110. Second, at common law, although an assignee stands in the shoes of and is subrogated to the rights of its assignor, there is no comparable doctrine whereby an assignor would be subrogated to the rights of the assignee. Third, UCC § 9–302(2), which deals with assignment in a different context, is superseded by certificate of title laws, and, even if applicable, would not mandate a different result.

■ Under § 9–302(2) an assignee of a perfected security interest need take no action to remain perfected against creditors of the account debtor. Nebraska UCC § 9–302(2) (Reissue 1988). This rule is entirely consistent with the "notice" policy of the UCC. If an assignor perfects its interest before assignment, and a creditor of an account debtor performs a UCC search under the debtor's name, the creditor will discover that the assignor possesses an interest in the collateral, and will be on inquiry notice of the interest held by an assignee.

However, if only the assignee perfects its security interest, we have a completely different situation from a notice standpoint. A UCC search under the account debtor's name would disclose only the name of the assignee, but would not disclose that there had even been an assignment. A creditor would not be on inquiry notice as to whether the secured party of record holds its interest by virtue of an assignment or as to whether, if there was an assignment, the assignor retained any interest. A creditor, finding only the interest of the assignee of record, should be able to rely upon release of the lien by the assignee without any inquiry as to whether there was an assignor and, if so, whether the assignor retained an undisclosed secured obligation. Section 9–302(2) of the UCC only addresses the status of a lien in the hands of the assignee not the assignor, and only preserves the perfection previously obtained before assignment. It does not provide that perfection by the assignee inures to the benefit of the assignor. Where an assignor is not perfected, § 9–302(2) does not apply, and the assignor can not become perfected by virtue of actions taken by the assignee. Even if I were to construe the Nebraska certificate of title laws as adopting a basic inquiry notice system like UCC Article 9, the same reasoning would apply. By noticing its lien on the debtor's certificate of title, Credit Acceptance did not place anyone on notice that Rhoden Nissan held an interest in the vehicle.

The case cited by counsel for Rhoden Nissan, *Van Diest Supply Company v. Adrian State Bank,* 305 N.W.2d 342 (Minn.1981), is consistent with UCC § 9–302(2). The court in *Van Diest Supply Company* held that the assignment of a security interest securing more than one debt, part of which debt is retained, does not affect the status of the security interest in the collateral retained. *Van Diest Supply Company,* 305 N.W.2d at 346–47. I do not dispute this result. However, *Van Diest Supply Company* is not applicable to the present case because *Van Diest Supply Company* involved the assignment of a "perfected" security interest. In *Van Diest Supply Company,* the assignor had perfected its security interest prior to assignment, and the court simply held that the perfected security interest was not extinguished by the assignment in relation to portions of secured debt retained by the assignor. On the facts of the case before me, the lien of Rhoden Nissan was not extinguished by the assignment to Credit Acceptance. However, Rhoden Nissan did not per-

893

fect its interest. The reasoning of *Van Diest Supply Company* and UCC § 9–302(2) is not applicable to the situation where the interest of an assignee is perfected but the interest of the assignor is not.

In summary, I conclude that the security interest of Rhoden Nissan in the motor vehicle of Dawn Went is avoidable under § 544. Under Nebraska Revised Statute § 60–110, it is clear that Rhoden Nissan's lien is not valid against subsequent lienholders. Since the interest of Rhoden Nissan is not enforceable against a subsequent lien creditor, the interest of Rhoden Nissan in the vehicle is avoidable under § 544(a)(2) of the Code.

In closing, I emphasize that the transaction before the court is unusual, and my ruling should not be construed to upset or create uncertainties with respect to conventional financing of the chattel paper of automobile dealerships. This case involves an obligation on a downpayment check and a check for administrative expenses which were returned to the dealer, Rhoden Nissan, due to insufficient funds. The obligation of the debtor, Dawn Went, on the insufficient funds checks was retained by the dealer and was not assigned. The dealer has stipulated that except for the two checks, the entire security interest and all the corresponding documents were assigned to the finance company. Although the security interest granted to the dealer in the installment sales contract is broad enough to secure the insufficient funds checks, Rhoden Nissan did not record or perfect its security interest in the vehicle and the subsequent acts taken by the assignee can not remedy this situation respecting the two checks. This is not to say that the interest of Credit Acceptance is unenforceable or unperfected. The interest of Credit Acceptance is duly perfected to the debts assigned to it, namely the unpaid balance of the purchase price. If, before the commencement of this bankruptcy case Rhoden Nissan had transferred all obligations of Dawn Went to Credit Acceptance, including the $800.00 and $42.00 obligations, Credit Acceptance would hold a perfected interest to secure these debts along with the unpaid purchase price since Credit Acceptance perfected its interest by noting it on the certifi-

cate of title. Further, if Rhoden Nissan had noted its lien on the certificate of title after the insufficient funds checks were returned to it, but before bankruptcy, Rhoden Nissan would hold an enforceable interest to secure the $800.00 and $42.00 obligations. However, this is not what occurred on the facts of this case.

If an automobile dealer retains a secured obligation but assigns the security interest securing that obligation, the dealer must note its lien on the certificate of title in order to perfect its interest.

IT IS THEREFORE ORDERED, that the lien of Rhoden Nissan in the 1988 Suzuki Samurai of debtor, Dawn Went, is hereby avoided pursuant to § 544 of the Bankruptcy Code.